The judgment of the district court will be affirmed.

All the Justices concurring.

---

THE ST. LOUIS & SAN FRANCISCO RAILWAY COMPANY v. E. McMULLEN.

CASE, *Followed.* The case of *St. L. & S. F. Rly. Co. v. Curtis,* ante, p. 179, followed.

*Error from Greenwood District Court.*

THE opinion, filed March 5, 1892, contains a sufficient statement of the case.

*Geo. R. Peck, A. A. Hurd,* and *Robert Dunlap,* for plaintiff in error.

*Clogston, Hamilton, Fuller & Cubbison,* for defendant in error.

*Per Curiam:* All of the law questions in this case are disposed of by the opinion handed down in the case of *St. L. & S. F. Rly. Co. v. Curtis,* ante, p. 179, with two exceptions. It is urged in this case that the court committed error in refusing the instructions of the railway company concerning contributory negligence upon the part of the plaintiff below. The instructions refused were substantially given in the general charge to the jury, and therefore the refusal was not prejudicial. Again, it is urged that the trial court committed error in instructing the jury that, "if the negligence of the plaintiff below was slight, and the negligence of the railway company was gross," the plaintiff might recover. (*Railway*

*Co. v. Peavey*, 29 Kas. 169.) Upon a motion filed in this case to correct the case-made, the statement therein "that it contained all the evidence introduced upon the trial" was stricken out. We cannot, therefore, see from the record, as presented, whether there was any evidence of gross negligence or not; and hence we cannot examine the point presented. It is not necessary, to consider and review instructions, that all of the evidence should be contained in the transcript or case, but sufficient should be stated to properly present the point relied upon for reversal. If the record had contained all of the evidence, or if it had merely stated that evidence was presented supporting the action of the plaintiff and the defense thereto, and that there was no evidence offered tending to show any gross negligence, *Railway Co. v. Peavey,* supra, would control.

The plaintiff asked for $15 only as attorney fees. The court allowed $50. This was erroneous, and the judgment will be modified by striking from the attorney fees allowed $35. This amount was not prayed for, and the petition was not amended. (*St. L. & S. F. Rly. Co. v. Curtis,* supra.)